UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DON CARR, MACK CARR,
AUTUMN MILLEROV,
THOMAS JOHNSON,
TRACEY CAMALET,
and all other persons similarly situated,
known or unknown,

      Plaintiffs,

vs.

LIVINGSTON COUNTY
BOARD OF COMMISSIONERS,
AND LIVINGSTON COUNTY,

      Defendants.
_____/

Collective Action

Case No.
Honorable

**GASIOREK, MORGAN, GRECO,
McCAULEY & KOTZIAN, P.C.**
David A. Kotzian (P38308)
David F. Greco (P53523)
Angela Mannarino (P72374)
Attorneys for Plaintiff
30500 Northwestern Highway, Suite 425
Farmington Hills, MI 48334
 (248) 865-0001/Fax: (248) 865-0002
dkotzian@gmgmklaw.com
dgreco@gmgmklaw.com
amannarino@gmgmklaw.com
_____/

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR TRIAL BY JURY**

NOW COME the Plaintiffs, DON CARR, MACK CARR, AUTUMN MILLEROV, TRACEY CAMALET and THOMAS JOHNSON, by and through their attorneys, GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C., and hereby bring this Collective Action Complaint against Defendants and state as follows:

## **INTRODUCTION**

1.  Plaintiffs bring this action to recover monetary damages, liquidated damages, and costs including reasonable attorney's fees as a result of Defendants willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2.  Plaintiffs are employed by Defendants' Emergency Medical Services Division ("EMS") as non-exempt Emergency Medical Technicians ("EMT's). Defendants have violated and continue to violate the FLSA by failing to pay EMT's one and a half times their regularly hourly wage for hours worked in excess of forty (40) as required by 29 U.S.C. § 207(a)(1).

3.  Pursuant to 29 U.S.C. §216(b), Plaintiffs asserts collective FLSA claims on behalf of themselves and the putative "FLSA collective," defined as:

> *All Emergency Medical Technicians who worked for Defendants at any time between April 27, 2015 and present and who worked at any time in excess of forty (40) hours per workweek.*

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claim raises a federal question under 29 U.S.C. § 201, *et seq.*

5. Additionally, this Court has jurisdiction over Plaintiffs' collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

6. This court has personal jurisdiction over Defendants because they are located in the County of Livingston within this judicial district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants reside in this district, and a substantial portion of the events that give rise to the Plaintiffs' claims occurred in this district.

## PARTIES

8. Plaintiff, Don Carr, is an individual residing in the City of Swartz Creek, County of Genesee, State of Michigan. He has been employed by Defendants as an EMT from on or about September 16, 2004 to the present. He signed a consent form to join this lawsuit as a party. See Exhibit A.

9. Plaintiff, Mack Carr, is an individual residing in the Township of Holly, County of Oakland, State of Michigan. He has been employed by Defendants as

an EMT from on or about July 8, 2002 to the present.  He signed a consent form to join this lawsuit as a party. See Exhibit B.

10. Plaintiff, Autumn Millerov, is an individual residing in the City of Williamston, County of Ingham, State of Michigan.  She has been employed by Defendants as an EMT from on or about February 9, 2006 to the present.  She signed a consent form to join this lawsuit as a party. See Exhibit C.

11. Plaintiff, Thomas Johnson, is an individual residing in the City of Lansing, County of Ingham, State of Michigan.  He has been employed by Defendants as an EMT from on or about February 8, 2016 to the present.  He signed a consent form to join this lawsuit as a party. See Exhibit D.

12. Plaintiff, Tracey Camalet, is an individual residing in the City of Howell, County of Livingston, State of Michigan. She has been employed by Defendants as an EMT from on or about September 2, 1982 to the present. She signed a consent form to join this lawsuit as a party. See Exhibit E.

13. Defendant, Livingston County, is a Michigan Municipal Corporation located in the County of Livingston, State of Michigan and it is a "public agency" within the meaning of FLSA, 29 USC §203(d).

14. Defendant, Livingston County Board of Commissioners, is the chief policy making body of Livingston County and also is a "public agency" within the meaning of the FLSA, 29 USC §203(d).

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

15. Plaintiffs and Defendants' other EMT employees are employed by a "political subdivision of a State" within the meaning of the FLSA, 29 USC §203(e)(2)(C).

## GENERAL ALLEGATIONS

16. Defendants' EMT employees are salaried, non-exempt employees.

17. Defendants utilize two work schedules for its EMT employees: one based on twelve hour workdays and one based on twenty-four hour workdays.

18. Plaintiffs, at various times throughout their employment, have been assigned to work twelve hour workdays and/or twenty-four hour workdays.

19. EMT employees scheduled for twelve hour workdays typically work a regular shift of three workdays one week and four days the subsequent week.

20. EMT employees scheduled for twenty-four hour workdays typically work a regular shift of five days per pay period.

21. Defendants have three different schedules for its twenty-four hour employees. The "A" shift works 120 days per year, the "B" shift works 123 days per year, and the "C" shift works 122 days per year.

22. Under such schedules, Plaintiffs and other EMT employees frequently work in excess of forty hours in a workweek.

23. In addition, Plaintiffs and other EMT employees frequently work additional overtime hours in excess of their regular schedules.

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

24. Plaintiffs and other EMT employees are paid on a fourteen day pay cycle.

25. From at least January 1, 2013 through the present, in accordance with the FLSA, the Collective Bargaining Agreements between Defendants and Plaintiffs' Union have provided that:

> "10.3 (A): "Time and one-half (1 ½) the employee's straight time regular rate of pay shall be paid for all hours actually worked in excess of forty (40) hours in any one (1) workweek."

26. In calculating the hourly rate for purposes of overtime compensation, Defendants use and have used an inflated, artificial number of hours instead of using the actual hours worked.

27. As a result, instead of paying its EMT employees overtime at the rate of time and a half for hours actually worked, Defendants use a reduced overtime rate by adding uncompensated additional hours on paper that the EMT employees did not actually work and were not paid for.

28. The result of this artificial adding of uncompensated, paper hours is that Defendants have failed to pay Plaintiffs and other similarly situated EMT employees at the rate of time and a half their regular their regularly hourly wage for hours worked in excess of forty (40) as required by 29 U.S.C. § 207(a)(1).

29. Defendants' violations of the FLSA were willful, arbitrary, unreasonable, and in bad faith.

## **COLLECTIVE ACTION ALLEGATIONS**

30. Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on Plaintiffs' own behalf and on behalf of: All EMT employees who have worked for Defendants at any time during the three years preceding the filing of this Complaint until the present and who at any time during such three years worked in excess of forty hours in a workweek. ("FLSA Collective"). Plaintiffs reserve the right to amend this definition as necessary.

31. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b).

32. The EMT employees on behalf of whom Plaintiffs bring this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practice, policy or plan; and (c) their claims are based upon the same factual and legal theories.

33. The employment relationships between Defendants and every FLSA Collective member are the same and differ only in name and rate of pay. The key issues – whether employees were paid time and a half for hours worked in excess of forty (40) per week – do not vary substantially from FLSA Collective member to FLSA Collective member.

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

34. Plaintiffs estimate that the FLSA Collective, including both current and former employees over the relevant period, will include over sixty (60) members. The precise number of FLSA Collective members should be readily available from a review of Defendants' personnel records and payroll records.

## COUNT I

### (29 U.S.C. § 216(B) Collective Action)
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*

35. Plaintiffs repeat and reallege each and every paragraph of this Complaint as fully set forth herein.

36. At all times relevant to this action, Defendants were employers under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq.*

37. At all times relevant to this action, Plaintiffs were "employees" of Defendants within the meaning of 29 U.S.C. §203(e)(2)(C) of the FLSA.

38. Defendants "suffered or permitted" Plaintiff and all similarly situated EMT employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

39. Defendants required Plaintiffs and all similarly situated EMT employees to perform work in excess of forty (40) hours in a week.

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

40. Hours worked in excess of forty (40) per week should have been paid at the federally mandated rate of time and one half of each employee's regularly hourly wage. 29 U.S.C. § 207 (a)(1).

41. Defendants failed to pay Plaintiffs and all similarly situated EMT employees at such federally mandated rate.

42. Defendants' violations of the FLSA were knowing and willful. Defendants knew or could have easily determined what the federally mandated rate was. Likewise, Defendants knew or could have easily determined the applicable overtime laws.

43. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages and overtime, plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs request the following relief:

    a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b);

    b. Ordering Defendants, at their expense, to investigate and account for the number of hours worked by Plaintiffs and all similarly situated EMT employees;

   c. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members, and permitting Plaintiff to send notice of this action to all those similarly situated EMT employees, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

   d. Designating Lead Plaintiffs named herein as the representatives of the FLSA collective action;

   e. Granting judgment for damages for all unpaid wages and overtime compensation and an equal amount as liquidated damages under the FLSA;

   f. Awarding Plaintiffs an incentive award for serving as representative of all similarly situated EMT employees;

   g. Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in connection with this action; and

   h. Awarding such other and further relief as this Court deems appropriate.

## **JURY DEMAND**

Plaintiffs, individually and on behalf of all others similarly situated, hereby demand a trial by jury in this matter.

        Respectfully submitted,

        GASIOREK, MORGAN, GRECO,
        McCAULEY & KOTZIAN P.C.

        BY:   /s/ DAVID A. KOTZIAN, (P38308)
                Attorneys for Plaintiff
                30500 Northwestern Highway, Suite 425
                Farmington Hills, MI 48334
                (248) 865-0001
                dkotzian@gmgmklaw.com

Dated: April 27, 2018