UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DON CARR, MACK CARR,
AUTUMN MILLEROV,
THOMAS JOHNSON,
TRACEY CAMELET,
and all other persons similarly situated,
known or unknown,

       Plaintiffs,

vs.

LIVINGSTON COUNTY
BOARD OF COMMISSIONERS,
AND LIVINGSTON COUNTY,

      Defendants.

Collective Action

Case No.  2:18-cv-11313
Magistrate Judge
Stephanie Dawkins Davis

_____/

**GASIOREK, MORGAN, GRECO,**
**McCAULEY & KOTZIAN, P.C.**
David A. Kotzian (P38308)
David F. Greco (P53523)
Angela Mannarino (P72374)
Attorneys for Plaintiff
30500 Northwestern Highway, Suite 425
Farmington Hills, MI 48334
(248) 865-0001/Fax: (248) 865-0002
dkotzian@gmgmklaw.com
dgreco@gmgmklaw.com
amannarino@gmgmklaw.com

**COHL, STOKER & TOSKEY, P.C.**
Bonnie G. Toskey (P30601)
Sarah K. Osburn (P55539)
Attorneys for Defendants
601 N. Capitol Avenue
Lansing, MI 48933
(517) 372-9000/Fax: (517) 372-1026
btoskey@cstmlaw.com
sosburn@cstmlaw.com

_____/

## JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT AND PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS

GASIOREK, MORGAN, GRECO,
McCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

NOW COME the named Plaintiffs, DON CARR, MACK CARR, AUTUMN MILLEROV, THOMAS JOHNSON and TRACEY CAMELET, on behalf of themselves and all other similarly situated individuals who have consented to participate in this collective action as Opt-In Plaintiffs ("Plaintiffs"), and Defendants Livingston County Board of Commissioners and Livingston County ("Defendants") (together referred to as "the Parties") move the Court for entry of the attached proposed Order (Exhibit A):  (1) approving the Parties' Settlement Agreement (Exhibit B); (2) approving the form of notice (Exhibit C) and payment to Plaintiffs, including payment of incentive payments to the named Plaintiffs as set forth in the Settlement Agreement; (3) certifying the collective action under 29 U.S.C. §216(b); (4) approving the award of Plaintiffs' litigation expenses and attorney fees and costs (Exhibit D); and (5) dismissing the case with prejudice.

In support of this Motion, the Parties state:

1.     Plaintiffs are Emergency Medical Technicians ("EMT's") currently or formerly employed by Defendants.

2.     Plaintiffs filed this action seeking recovery of overtime pay due, plus interest, attorney fees and liquidated damages under the FLSA.  Defendants opposed the claims and asserted that Plaintiffs were not entitled to any recovery.

3.     By Stipulated Order dated June 20, 2018 the Court conditionally certified this matter as a collective action on behalf of "all Emergency Medical

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

Technicians who worked for Defendants at any time between April 27, 2015 and present and who worked at any time in excess of forty (40) hours per workweek." After notice, 51 people (including the five named Plaintiffs) opted-in to join the class.

4.    Following discovery and mediation, the Parties have entered into the Settlement Agreement attached as Exhibit B.

5.    The terms and conditions of the Settlement Agreement are fair, reasonable and adequate.

6.    Approval of the Settlement Agreement and the award of Plaintiffs' counsel's attorney fees and costs is further supported by the attached brief in support of this motion.

7.    Defendants consent to the relief requested.

8.    In accordance with Local Rule 7.1, on April 10, 2019, Plaintiffs' counsel requested and obtained concurrence in the relief sought.

WHEREFORE, the Parties ask the Court to enter an Order in the form attached as Exhibit A (1) approving the Parties' Settlement Agreement (Exhibit B); (2) approving the form of notice and payment to Plaintiffs (Exhibit C), including payment of incentive payments to the named Plaintiffs as set forth in the Settlement Agreement; (3) certifying the collective action under 29 U.S.C. §216(b);

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

2

(4) approving the award of Plaintiffs' litigation expenses and attorney fees and costs (Exhibit D); and (5) dismissing the case with prejudice.

Respectfully submitted,

GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN P.C.

BY: /s/ DAVID A. KOTZIAN, (P38308)
/s/ DAVID F. GRECO (P53523)
/s/ ANGELA MANNARINO (P72374)
Attorneys for Plaintiff
30500 Northwestern Highway, Suite 425
Farmington Hills, MI 48334
(248) 865-0001
dkotzian@gmgmklaw.com
dgreco@gmgmklaw.com
amannarino@gmgmklaw.com

Dated: April 16, 2019

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DON CARR, MACK CARR,
AUTUMN MILLEROV,
THOMAS JOHNSON,
TRACEY CAMELET,
and all other persons similarly situated,
known or unknown,

        Plaintiffs,

vs.

LIVINGSTON COUNTY
BOARD OF COMMISSIONERS,
AND LIVINGSTON COUNTY,

        Defendants.

Collective Action

Case No. 2:18-cv-11313
Magistrate Judge
Stephanie Dawkins Davis

_____/

| **GASIOREK, MORGAN, GRECO,** | **COHL, STOKER & TOSKEY, P.C.** |
|---|---|
| **McCAULEY & KOTZIAN, P.C.** | Bonnie G. Toskey (P30601) |
| David A. Kotzian (P38308) | Sarah K. Osburn (P55539) |
| David F. Greco (P53523) | Attorneys for Defendants |
| Angela Mannarino (P72374) | 601 N. Capitol Avenue |
| Attorneys for Plaintiff | Lansing, MI 48933 |
| 30500 Northwestern Highway, Suite 425 | (517) 372-9000/Fax: (517) 372-1026 |
| Farmington Hills, MI 48334 | btoskey@cstmlaw.com |
| (248) 865-0001/Fax: (248) 865-0002 | sosburn@cstmlaw.com |
| dkotzian@gmgmklaw.com | |
| dgreco@gmgmklaw.com | |
| amannarino@gmgmklaw.com | |

_____/

GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

## BRIEF IN SUPPORT OF JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT AND PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS

# **TABLE OF CONTENTS**

Table of Authorities.......................................................................................iii

Concise Statement of Issues Presented ....................................................vii

I. Introduction and Relevant Facts.............................................................1

II. Summary of Settlement Terms...............................................................2

III. Law and Argument ................................................................................3

A. Standard for Settlement Approval Under the FLSA............................3

   1. The Settlement is a Fair and Reasonable Resolution
     of the Dispute, and is the Result of Arm's-Length
     Negotiations ...................................................................................6

   2. Complexity, Expense, and Likely Duration of
     the Litigation..................................................................................8

   3. Amount of Discovery Engaged in by the Parties............................9

   4. The Likelihood of Success on the Merits.....................................10

   5. The Opinions of the Class Counsel and the Class
     Representatives ...........................................................................10

   6. Whether the Settlement is Consistent with the
     Public Interest .............................................................................11

B. The Attorneys' Fees and Costs are Reasonable and
   Necessary Under the FLSA Standards and Should be
   Approved .........................................................................................12

C. The Requested Incentive Awards Should be Approved ....................17

D. Payment to the Class Members.......................................................18

E. Notice to the Class Members ..........................................................19

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

i

IV. Conclusion ........................................................................................... 19

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

# **TABLE OF AUTHORITIES**

CASES

*Aros v. United Rentals, Inc.*, 2012 WL 3060470, at \*2
(D. Conn. July 26, 2012) ............................................................................4

*Arrington v. Mich. Bell Tel. Co.*, Case No. 10-10975,
2012 U.S. Dist. LEXIS 157362, at \*1 (E.D. Mich. Nov. 2, 2012).............3,6

*Atkinson v. TeleTech Holdings, Inc.*, Case No. 14-cv-00253,
Doc. No. 115 (S.D. Ohio July 25, 2016) ...................................................13

*Bartlow v Grand Crowne Resorts of Pigeon Forge*,
No. 3:11-CV-400, 2012 U.S. Dist. LEXIS 181808,
2012 WL 6707008 (E.D. Tenn. Dec. 26, 2012) ........................................16

*Bessey v. Packerland Plainwell, Inc.*, Case No. 4:06-cv-95,
2007 U.S. LEXIS 79606 (W.D. Mich. Oct. 26, 2007) ................................14

*Bourne v. Ansara Restaurant Group, Inc.*, Case No. 16-10332,
2016 U.S. Dist. LEXIS 177203, 2016 WL 7405804
(E.D. Mich. Dec. 22, 2016).......................................................................16

*Burton v. Utility Design, Inc.*, 2008 WL 2856983, \*2
(M.D. Fl. July 22, 2008).............................................................................5

*Crawford v. Lexington*-Fayette Urban Cnty. Gov't,
CIV. A. 06-299-JBC, 2008 WL4724499, at \*3
(E.D. Ky. Oct. 23, 2008).............................................................................6

*Diaz v. Scores Holding*, 2011 WL 6399468 at \*2 ......................................5

*Doe v. Cin-Lan, Inc.*, Case No. 08-cv-12719, Doc. No. 431
(E.D. Mich. July 15, 2011).........................................................................13

*Doe v. Deja Vu Servs.*, Case No. 2:16-cv-10877,
2017 U.S. Dist. LEXIS 93455, 2017 WL 2629101,
at \*29-31 (E.D. Mich. June 19, 2017).......................................................13

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

iii

*Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 307
(7th Cir. 1985)..........................................................................................11

*Espenscheid v. Direct Sat USA, LLC*, 688 F.3d 872, 876-77
(7th Cir. 2012)..........................................................................................17

*Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) ............................12

*Granada Inv., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205
(6th Cir. 1992)..........................................................................................11

*Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ......................................16

*In re Cardizem C.D. Antitrust Litigation*, 218 F.R.D. 508, 523
(E.D. Mich. 2003)........................................................................................8

*In re Rio Hair Naturalize Prods Liab. Litig.*, MDL No. 1055,
1996 U.S. Dist. LEXIS 20440, 1996 WL 780512, at * 43
(E.D. Mich. 1996)........................................................................................7

*In re Telectronics Pacing Sys., Inc.,*
137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001).........................................7,8

*Int'l Union, United Auto., Aerospace, and Agr. Implement Workers
of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) ..............6

*Jones v. G.N. Netcom, Inc.
(In re Bluetooth Headset Prod Liability Litigation)*,
654 F.3d 935, 944 (9th Cir. 2011) ...........................................................13

*Lakosky v. Disc. Tire Co.*, No. 1413362, 2015 WL 4617186, at *2
(E.D. Mich. July 31, 2015).........................................................................8

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354
(11th Cir. 1982)........................................................................................4,7

*Melgar v. O.K. Foods*, 902 F.3d 775, 779-80 (8th Cir. 2018)...................16

*Osman v. Grube, Inc.*, 2018 WL 2095172, at *2
(N.D. Ohio May 4, 2018) (citations omitted) ...............................................4

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

*Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*, No. 08 civ 7670,
2010 WL 532960, at \*2 (S.D.N.Y. Feb 9, 2010) ......................................18

*Rankin v. Rots*, 220 F.R.D. 511 (E.D. Mich. 2006)...................................10

*Rawlings v. Prudential-Bache Props., Inc.*,
9 F.3d 513, 516-17 (6th Cir. 1993).........................................................13

*Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494,
2009 WL 5841177, at \*8, \*13 (S.D.N.Y. May 28, 2009) ..........................18

*Rotuna v. West Customer Mgt. Group, L.L.C.*,
Case No. 4:09-CV-1608, 2010 U.S. Dist. LEXIS 58912,
2010 WL 2490989 (N.D. Ohio June 15, 2010) .........................................13

*Ruiz v. GVMS, Inc.*, 2009 WL 3157349, \*1 (S.D. Tx. Sept. 25, 2009) .......5

*Runyan v. Nat'l Cash Register Corp.*,
787 F.2d 1039, 1045 (6th Cir. 1986) .......................................................16

*Schuchardt v. Law Office of Rory W. Clark*,
314 F.R.D. 673, 690 (N.D. Cal. 2016) .....................................................16

*Slaght v. Rex Performance Prod., LLC*, No. 16-CV-10159,
2017 WL 6347979, at \*1 (E.D. Mich. Nov. 20, 2017)...............................17

*UAW,* 2006 WL 334283, at \* 74-75...........................................................7

*UAW v. Ford Motor Co.*, Case No. 05-CV-73991-DT,
2006 U.S. Dist. LEXIS 70741, 2006 WL 334283, at \*70
(E.D. Mich. Feb. 13, 2006).......................................................................9

*United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*,
732 F.2d 495, 502 (6th Cir. 1984) ...........................................................12

*Williams v K&K Assisted Living LLC*, Case No. 15-cv-11565,
2016 U.S. Dist. LEXIS 9310, 2016 WL 319596
(E.D. Mich. Jan. 27, 2016) ..................................................................7,16

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

*Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579-580 (7th Cir. 1982)..........4

Fed.R.Civ.P. Rule 23 .................................................................................5

29 U.S.C. §207(a).......................................................................................1

29 U.S.C. §216(b)........................................................................1,2,12,20

## **CONCISE STATEMENT OF ISSUES PRESENTED**

1) WHETHER THE COURT SHOULD APPROVE THE SETTLEMENT REACHED BY THE PARTIES IN THIS COLLECTIVE ACTION MATTER?

PLAINTIFFS SAY "YES".

DEFENDANTS SAY "YES".

2) WHETHER THE COURT SHOULD APPROVE THE PETITION FOR ATTORNEYS' FEES AND COSTS FOR PLAINTIFF'S COUNSEL IN THIS COLLECTIVE ACTION MATTER?

PLAINTIFFS SAY "YES".

DEFENDANTS SAY "YES".

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

## I.  INTRODUCTION AND RELEVANT FACTS

Named Plaintiffs, Don Carr, Mack Carr, Autumn Millerov, Thomas Johnson and Tracey Camelet, on behalf of themselves and all other similarly situated individuals, filed this action on April 27, 2018 against Defendants Livingston County Board of Commissioners and Livingston County seeking recovery of alleged overtime pay due, plus interest, attorney fees and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. §207(a).  Defendants denied liability and asserted that the Plaintiffs were not entitled to any recovery.

By Stipulated Order dated June 20, 2018 the Court conditionally certified this matter as a collective action on behalf of "all Emergency Medical Technicians who worked for Defendants at any time between April 27, 2015 and present and who worked at any time in excess of forty (40) hours per workweek."  Thereafter, following notice as approved by the Court, additional individuals elected to opt-in as Plaintiffs.  Including the five named Plaintiffs, 51 people joined the class.

Following arm's length negotiations, exchange of significant information including time and pay records, emails and other documents, multiple depositions, and mediation with a mutually selected private mediator, the Parties have agreed, subject to Court approval, to resolve this case.  After a full review of the legal and factual issues presented, the Parties, who have at all times been represented by counsel, agree that the negotiated terms of the Settlement Agreement attached as

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C. 30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

1

Exhibit B represent a fair, reasonable, and just compromise of disputed issues. Because the Parties recognized the expense and risks associated with prosecution and defense through trial and any possible appeal, as well as the risk and uncertainty in the outcome inherent in any litigation, they agreed to be bound by the Settlement Agreement which they now ask this Court to approve. The Parties have conditioned the overall settlement of this action upon the Court's approval of all terms of the Settlement Agreement.

Accordingly, the Parties ask the Court for entry of an Order in the form attached as Exhibit A: (1) approving the Parties' Settlement Agreement (Exhibit B); (2) approving the form of notice and payment to Plaintiffs (Exhibit C), including payment of incentive payments to the named Plaintiffs as set forth in the Settlement Agreement; (3) certifying the collective action under 29 U.S.C. §216(b); (4) approving the award of Plaintiffs' litigation expenses and attorney fees and costs (Exhibit D); and (5) dismissing the case with prejudice.

## II. **SUMMARY OF THE SETTLEMENT TERMS**

The Settlement Agreement establishes a settlement fund of $150,000.00 and details the amounts and methods of payment to Plaintiffs and their counsel. The following is a summary of the payment terms, all of which are understood to be subject to Court approval:

2

1. The settlement sum of $150,000.00 (less any incentive payments and attorneys' fees and costs awarded by the Court) will be distributed to each Plaintiff and Opt-In Plaintiff in pro-ration to the overtime damages that Plaintiffs' counsel has calculated for each Plaintiff and Opt-In Plaintiff.

2. Incentive payments in the amount of $2,000.00 each will be distributed to named Plaintiffs Don Carr, Mack Carr, Autumn Millerov, Thomas Johnson and Tracy Camelet.

3. That portion of the settlement awarded for attorneys' fees and costs (which shall not exceed $50,000.00) will be paid by Defendants directly to the law firm of Gasiorek, Morgan, Greco, McCauley & Kotzian, P.C.

4. Defendants will pay the incentive payments and the remaining portion of the settlement directly to the named Plaintiffs and Opt-In Plaintiffs either through a payroll check or direct deposit for current employees or by mailing a check to former employees at the address listed on the Opt-In Notice.

## III.   LAW AND ARGUMENT

### A.   Standard for Settlement Approval Under the FLSA

As a general rule, "court approval is required for the settlement of claims for back wages or liquidated damages under the FLSA." *Arrington v. Mich. Bell Tel. Co.*, Case No. 10-10975, 2012 U.S. Dist. LEXIS 157362, at *1 (E.D. Mich. Nov. 2,

3

2012) (citing *Lynn*'*s Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). Therefore, when employees bring a private action under the FLSA and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. If the settlement is a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* at \*2 (internal citations and quotations omitted); *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

All of the class members in this case have submitted Opt-In forms in which they consented to join the case and be bound by the results.  Therefore, unlike Rule 23 class action settlements, which typically require a two-step settlement process and an opportunity for unnamed class members to submit settlement claims, FLSA settlements can be approved simply based on the papers. See, *Osman v. Grube, Inc.*, 2018 WL 2095172, at \*2 (N.D. Ohio May 4, 2018) (citations omitted). Because FLSA collective actions require employees to affirmatively opt-in to the litigation, "FLSA collective actions do not implicate the same due process concerns as do Rule 23 actions." *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579-580 (7th Cir. 1982).  In many cases, courts do not hold hearing on such settlements, but simply review the paperwork, and, if in order, approve the settlement. See, e.g., *Aros v. United Rentals, Inc.*, 2012 WL 3060470, at \*2 (D. Conn. July 26, 2012) ("Typically, courts regard the adversarial nature of a litigated

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

4

FLSA case to be an adequate indicator of the fairness of the settlement," and "[t]he FLSA settlement in this case meets the standard for approval" because "[t]he settlement was a result of vigorously contested litigation with substantial formal and informal discovery, motion practice, and arm's-length negotiation conducted over much of that time."; *Diaz v. Scores Holding*, 2011 WL 6399468 at *2(approving settlement of opt-in plaintiffs' FLSA claims because "[t]he settlement was the result of contested litigation and arm's length negotiation."); *Ruiz v. GVMS, Inc.*, 2009 WL 3157349, *1 (S.D. Tx. Sept. 25, 2009) ("This court has reviewed the settlement agreement and finds that the amount to be paid to the plaintiffs and the amount of attorney's fees provided for in the settlement agreement are fair and reasonable."); *Burton v. Utility Design, Inc.*, 2008 WL 2856983, *2 (M.D. Fl. July 22, 2008) (adopting and confirming magistrate judge's findings and recommendation to approve the proposed settlement of individual FLSA claims for opt-in plaintiffs only).

When considering FLSA collective action settlements, courts consider factors that are typically considered in Fed.R.Civ.P. Rule 23 class action settlements. For example, the Sixth Circuit has identified factors that should aid courts in the determination of whether a proposed FLSA settlement is fair, reasonable, and adequate: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

5

class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Crawford v. Lexington*-Fayette Urban Cnty. Gov't, CIV. A. 06-299-JBC, 2008 WL4724499, at \*3 (E.D. Ky. Oct. 23, 2008) (citing *Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). The above list is not exhaustive, and courts do not necessarily apply all of the factors; rather, the factors are guideposts used to determine the fairness of a proposed settlement. "A court applying these factors must do so in the context of the actual settlement." *Arrington*, 2012 U.S. Dist. LEXIS 157362, at \*3.

### 1. The Settlement is a Fair and Reasonable Resolution of the Dispute, and is the Result of Arm's-Length Negotiations

In the instant case, there is a *bona fide* dispute regarding whether Defendants violated the FLSA. Plaintiffs allege Defendants violated the FLSA by, *inter alia*, failing to pay Plaintiffs one and one-half their regular rate of pay for hours worked over 40 hours in a workweek. Defendants deny all such claims. Specifically, Plaintiffs and Defendants disagree on the rate at which Plaintiffs should have been compensated for overtime hours worked, whether any purported violation of the FLSA by Defendants was willful and whether Defendants acted in good faith. Where a disputed claim exists, Courts have found that settlement resolves a bona fide dispute and have approved FLSA settlements. *E.g.*, *Williams*

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

*v. K&K Assisted Living LLC,* No. 15-cv-11565, 2016 WL 319596, at \*2 (E.D. Mich. Jan. 27, 2016); Lynn's, 679 F.2d at 1354.

There was no fraud or collusion in the negotiations that lead to the Parties' settlement. The Parties were at all times represented by counsel. Moreover, the Parties engaged an experienced, neutral facilitator, and spent a full day working to resolve the case, in person, on March 13, 2019. Counsel vigorously pursued their clients' interests at the mediation and ultimately reached a resolution. The settlement amount was based upon the parties' acceptance of a recommendation by the mediator. All five of the named Class Representatives, the Livingston County Board of Commissioners, and their respective legal counsel have agreed to the settlement and signed the attached Settlement Agreement. (Exhibit B).

Without evidence to the contrary, the Court may presume that settlement negotiations were conducted in good faith and that the resulting agreements were reached without collusion. *Telectronics,* 137 F. Supp. 2d at 1018 ("Courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement, unless evidence to the contrary is offered."). *See also UAW,* 2006 WL 334283, at \* 74-75; *In re Rio Hair Naturalize Prods Liab. Litig.*, MDL No. 1055, 1996 U.S. Dist. LEXIS 20440, 1996 WL 780512, at \* 43 (E.D. Mich. 1996). Far from collusion, the current settlement has been forged through arm's-length negotiations.

The settlement will eliminate the risks and costs both sides would bear if this litigation continued to resolution on the merits. The Parties exchanged voluminous documentation in support of their respective positions. In agreeing upon the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion. Under these circumstances, the Agreement should be approved. *See Lakosky v. Disc. Tire Co.*, No. 1413362, 2015 WL 4617186, at \*2 (E.D. Mich. July 31, 2015) (approving FLSA settlement where, "[t]here is no indication that the parties reached the agreement by virtue of anything other than vigorous, arms-length negotiations.").

### 2. Complexity, Expense, and Likely Duration of the Litigation

In evaluating a proposed FLSA settlement, the court also must weigh the risks, expense, and delay Plaintiffs would face if they continued to prosecute the litigation through trial and potentially appeal against the amount of recovery provided to the class in the proposed settlement. *In re Cardizem C.D. Antitrust Litigation*, 218 F.R.D. 508, 523 (E.D. Mich. 2003). Courts have consistently held that the expense and possible duration of litigation are major factors to be considered in evaluating the reasonableness of a settlement. *See e.g., In re Telectronics Pacing Sys., Inc.* 137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001). For class actions and collective actions in particular, courts view settlement favorably

8

because it "avoids the costs, delays and multitudes of other problems associated with them." *Id.* at 1013.

Here, if not for the settlement, the case would have continued to be vigorously contested by the Parties. The expense of continued litigation would be substantial. The Parties would have to complete discovery, prepare Motions for Summary Judgment and responses, prepare other pre-trial motions and trial briefs, prepare witnesses and exhibits, and otherwise ready themselves for trial. Trial would like have spanned five days and involved numerous witnesses. Further litigation would most certainly include the introduction of voluminous documentary and deposition evidence, vigorously contested motions, and the expenditure of significant judicial resources. Avoiding such unnecessary expenditure of time and resources clearly benefits both the Parties and the Court. *See UAW v. Ford Motor Co.*, Case No. 05-CV-73991-DT, 2006 U.S. Dist. LEXIS 70741, 2006 WL 334283, at *70 (E.D. Mich. Feb. 13, 2006) ("The costs and uncertainty of lengthy and complex litigation weigh in favor of settlement."). Additionally, the value of an immediate recovery for the Plaintiffs here outweighs the possibility of future relief after protracted and expensive litigation.

### 3. Amount of Discovery Engaged in By the Parties

The Parties engaged in a significant amount of discovery. In preparation for facilitation, the Parties exchanged documents including time records, pay records,

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

9

emails, collective bargaining agreements and other data.  Multiple depositions were also taken.  This amount of discovery was sufficient to clarify for the Parties the strengths and weaknesses of their positions and to induce the Parties to reach a fair, reasonable, and adequate settlement.

### 4.  The Likelihood of Success on the Merits

The Plaintiffs' likelihood of success on the merits and the amount they would be awarded is uncertain, which provides further evidence that this settlement is fair and appropriate. Plaintiffs assert, and Defendants deny, the collective action members are owed compensation due to Defendants' alleged violations of the FLSA. The range of possible recovery is open to dispute. Even if Plaintiffs succeed on the merits of their claims, which would require substantial additional time and an exercise of resources by both sides, the specific amount of their recovery is uncertain. Thus, this settlement is a fair and reasonable in relation to the potential risks and recovery in this case.

### 5.  The Opinions of the Class Counsel and the Class Representatives

Plaintiffs' Counsel and the Named Plaintiffs are of the opinion that this proposed settlement is a fair and reasonable compromise. In deciding whether a proposed settlement warrants approval, "[t]he Court should also consider the judgment of counsel and the presence of good faith bargaining between the contending parties." *Rankin v. Rots*, 220 F.R.D. 511 (E.D. Mich. 2006). Plaintiffs'

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

Counsel has thoroughly investigated and analyzed the claims alleged in these actions. He has made informed judgments regarding the Settlement and believes that it is fair, reasonable and adequate.

### 6. Whether the Settlement is Consistent with the Public Interest

The final factor that courts consider in evaluating a settlement is whether the settlement is consistent with the public interest. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Granada Inv., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992). This is particularly true when the substantive issues of the case "reflect a broad public interest in the rights to be vindicated or the social or economic policies to be established." *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 307 (7th Cir. 1985).

Here, it is certainly in the public interest to approve this settlement. The settlement resolves Plaintiffs' claims in exchange for a fair return, eliminates the risk to Plaintiffs of complete non-recovery, provides certainty to the settling Defendants, and eases the burdens on the already heavily-taxed courts. In sum, given the complexity, expense, likely duration and risks of litigation, the state of the proceedings to date, the negotiations leading up to, and the ultimate terms of the Settlement, the proposed settlement is fair, adequate and reasonable.

11

**B.   The Attorneys' Fees and Costs are Reasonable and Necessary Under the FLSA Standards and Should Be Approved**

Under the FLSA, attorneys' fees are mandatory to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such [FLSA] action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action")(emphasis added).; *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). The purpose of the § 216(b) mandatory fees provision is to insure effective access to the judicial process. *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984). Congress intended that the wronged employee should receive his or her full wages "without incurring any expense for legal fees or costs." *Id.* The Sixth Circuit has adhered to the view that attorneys' fees in a FLSA action serves a larger goal because it "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134-35 (internal citation omitted).

In the present case, Plaintiffs' counsel was retained pursuant to a fee agreement that provided for reimbursement of out of pocket expenses and court costs from the amount recovered.  The attorney fee was to be the greater of (i) one-third of the total, gross amount (without reduction due to any taxes withheld by Defendant) of any and all monies recovered after deducting any expenses and court costs, or (ii) whatever amount may be awarded or approved by the Court based on attorney hours worked and an approved hourly rate." (Exhibit E).   This

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

12

is consistent with case law in FLSA cases, where the Court has the discretion to use a lodestar or percentage of the fund method to determine whether attorneys' fees are reasonable. *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516-17 (6th Cir. 1993). Often, the lodestar (the number of hours the attorney worked times the attorney's customary hourly rate) is used to cross-check the reasonableness of the requested percentage of the fund. *Jones v. G.N. Netcom, Inc. (In re Bluetooth Headset Prod Liability Litigation)*, 654 F.3d 935, 944 (9th Cir. 2011) (encouraging courts to cross-check attorney's fees using both the lodestar and percentage of the fund methods); s*ee, e.g., Doe v. Deja Vu Servs.*, Case No. 2:16-cv-10877, 2017 U.S. Dist. LEXIS 93455, 2017 WL 2629101, at *29-31 (E.D. Mich. June 19, 2017).

Notably, the one-third attorney's fees award is a typical amount found by courts to be reasonable in FLSA cases. *See, e.g., Atkinson v. TeleTech Holdings, Inc.*, Case No. 14-cv-00253, Doc. No. 115 (S.D. Ohio July 25, 2016) (approving class counsel's fees and costs of 33% or $1,166,666.67 of a $3.5 million FLSA settlement plus costs of $175,000.00); *Doe v. Cin-Lan, Inc.*, Case No. 08-cv-12719, Doc. No. 431 (E.D. Mich. July 15, 2011) (approving class counsel's fees and costs of 31% or $3,500,000.00 of a $11.3 million FLSA settlement); *Rotuna v. West Customer Mgt. Group, L.L.C.*, CASE NO. 4:09-CV-1608, 2010 U.S. Dist. LEXIS 58912, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (approving attorneys'

13

fees of 33% of the overall settlement in a FLSA case); *Bessey v. Packerland Plainwell, Inc.*, Case No. 4:06-cv-95, 2007 U.S. LEXIS 79606 (W.D. Mich. Oct. 26, 2007) (approving attorney's fees of 33% or $220,000.00 of a $668,000.00 FLSA settlement).

As indicated in the attached Affidavit of David A. Kotzian and Itemization of Attorneys' Fees and Costs (Exhibit D), Plaintiff's counsel has spent out-of-pocket $3,655.24 in costs. The bulk of the costs were for court reporters ($699.15) and the mediator's fee ($1,755.00) and court filing fees ($400.00). Deducting these costs from the total recovery of $150,000 leaves a net recovery of $146,344.76. A one-third attorney fee based on this net recovery would be $48,781.58. Therefore, using the one-third contingency method would result in total attorneys' fees and costs of:  $48,781.58 + $3,655.24 = $52,436.82.

The calculation based on the lodestar method is as follows. As set forth in the attached Affidavit of David A. Kotzian and itemization of Attorneys' Fees and Costs (Exhibit D), Mr. Kotzian and members of his Firm to date have spent 180.2 hours pursuing this case, which leads to a lodestar of $63,639.75 as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| David Kotzian | 135.2 | $375.00 | $50,701.24 |
| David Greco | 5.6 | $350.00 | $1,960.00 |
| Barbara Urlaub | 30.9 | $300.00 | $9,270.00 |
| Angela Mannarino | 5.1 | $275.00 | $1,402.50 |
| Patricia Kral (Legal Assistant) | 3.4 | $90.00 | $306.00 |
| Total | 180.2 | | $63,639.75 |

The reasonableness of the hourly rates is confirmed by the attached Affidavit of Kathleen Bogas (Exhibit F), who is a highly esteemed employment law specialist in Michigan who is familiar with the hourly fees charged by attorneys representing employees in such matters. Further, the time records demonstrate the reasonableness of the hours spent in this case. These time records show, for example, the effort in investigating and researching the potential case, preparing the motion for conditional class certification, preparing discovery requests, reviewing thousands of pages of email, documents and records, preparing for and taking four depositions, preparation and appearance at the facilitative mediation, and negotiation of the settlement agreement. Therefore, using the lode star method would result in total attorneys' fees and costs:  $$63,639.75 + $3,655.24 = $67,294.99

As indicated above, the Retainer Agreement provides that the attorneys' fees and costs for Plaintiff's counsel would be the greater of the contingent fee and lodestar.  In order to facilitate the settlement of this matter and to assure that the class members receive a fair share of the settlement, Plaintiff's counsel is only seeking $50,000 total.  After subtracting the $3,655.24 in costs, this would leave a reasonable attorney fee of $46,344.76. This results in a negative multiplier which is typically evidence that there was no collusion in the negotiation of fees and that

they fees are fair and reasonable. *See, e.g., Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 690 (N.D. Cal. 2016).

Additionally, this Court should approve Plaintiffs' request for attorneys' fees from the total settlement fund because it is the amount of fees negotiated by the Parties. Parties to a FLSA collective action may properly negotiate not only the settlement of the action itself, but also the payment of attorney's fees. *See, e.g., Bourne v. Ansara Restaurant Group, Inc.*, Case Number 16-10332, 2016 U.S. Dist. LEXIS 177203, 2016 WL 7405804 (E.D. Mich. Dec. 22, 2016); *Williams v K&K Assisted Living LLC*, Case No. 15-cv-11565, 2016 U.S. Dist. LEXIS 9310, 2016 WL 319596 (E.D. Mich. Jan. 27, 2016); *Bartlow v Grand Crowne Resorts of Pigeon Forge*, No. 3:11-CV-400, 2012 U.S. Dist. LEXIS 181808, 2012 WL 6707008 (E.D. Tenn. Dec. 26, 2012). A negotiated fee is preferred because it prevents attorney's fees from becoming a second major litigation. *Melgar v. O.K. Foods*, 902 F.3d 775, 779-80 (8th Cir. 2018) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)) (refusing to review a negotiated attorney's fee in a FLSA case because "any process of reviewing and approving stipulated attorneys' fees in the event of a settlement is more deferential than resolving attorneys' fees in a disputed case."). In determining whether a settlement and release is valid, a court should encourage "amicable settlement of honest differences . . . where overreaching or exploitation is not inherent in the situation." *Runyan v. Nat'l Cash Register Corp.*, 787 F.2d

1039, 1045 (6th Cir. 1986) (examining the history of the Age Discrimination in Employment Act and the FLSA when finding that a negotiated settlement was valid). Accordingly, this Court should approve Plaintiffs' requested fees and costs of $50,000.00.

### C.  The Requested Incentive Awards Should Be Approved

The Settlement Agreement, if approved, would provide an incentive award to the five named Plaintiffs in the amount of $2,000 each, for their time and effort expended in helping to achieve a successful settlement. This payment is in addition to any payment Plaintiffs are to receive as their share of the net settlement fund. Courts may make separate awards to named plaintiffs in recognition of their risks taken, time expended and benefits to the class. *See Espenscheid v. Direct Sat USA, LLC*, 688 F.3d 872, 876-77 (7th Cir. 2012). Here, the named Plaintiffs were extremely helpful and the settlement could not have been achieved without them.  They initiated the lawsuit, provided documents and information, attended meetings, attended depositions, and attended the mediation. The requested incentive award of $2,000 per named Plaintiff represents only 2% per Plaintiff of the net settlement fund (net of attorneys' fees and costs), and combined, approximately 10% of the overall settlement fund, which is a reasonable percentage.  *See Slaght v. Rex Performance Prod., LLC*, No. 16-CV-10159, 2017 WL 6347979, at *1 (E.D. Mich. Nov. 20, 2017) (approving $10,000 award split

17

between 3 plaintiffs from class-wide settlement of $125,000); *Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*, No. 08 civ 7670, 2010 WL 532960, at \*2 (S.D.N.Y. Feb 9, 2010) (finding that service awards totaling approximately 11% of total recovery are reasonable); *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494, 2009 WL 5841177, at \*8, \*13 (S.D.N.Y. May 28, 2009) (awards of $7,500 each to three named plaintiffs, representing approximately 3 percent of the total $710,000 settlement amount, was reasonable).

### D. Payment to the Class Members

After attorneys' fees, costs and incentive payments, the remaining portion of the settlement to pay to the class members would be $90,000. In connection with the mediation, Plaintiff's counsel prepared a chart calculating potential damages for each member based on the overtime they worked as EMT's for a 24 hour shift and a 12 hour shift in the three years prior to joining the lawsuit. Based upon Plaintiffs' theory of the case, Plaintiffs' argued that the appropriate overtime rate should have been 13.97% higher for 24 hour shifts and 4.76% higher for 12 hour shifts. Defendants strongly disputed these damage calculations. They argued that Plaintiffs were entitled to nothing, and that even if they were entitled to a recovery the damages should be limited to two years and that the numbers in the chart were overstated. In distributing the $90,000 to the class members, Plaintiffs propose that the payments be based on a percentage of the damage calculations. In other

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C. 30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

words, each class member would receive a payment of approximately 34% of the amount in that chart. The amounts of the settlement payment are set forth as an attachment to the Notice to the Class Members. (Exhibit C). Current employees will be paid by the County via payroll check or direct deposit with taxes withheld as with other wages. Former employees will be mailed a check at the address listed on their opt-in notice.

### E. Notice to the Class Members

The Class Members have been kept updated on the status of the case, and were specifically informed of the proposed settlement by confidential communication on March 25, 2019, their proposed payouts. No objections to the settlement have been received. In addition, a formal Notice of Settlement (Exhibit C) including a payout chart was sent to all class members via regular and electronic mail (if a personal email was available) on April 12, 2019. The class members were informed of their right to object and were instructed to put any objections in writing to Plaintiffs' counsel and to the Court on or before April 29, 2019. Plaintiffs' counsel will file with the Court any objections received by such date. Plaintiffs' counsel asks that the Court also approve the form of this Notice.

### IV. CONCLUSION

For the reasons set forth above, the Parties respectfully request that the Court enter an Order: (1) approving the Parties' Settlement Agreement; (2)

19

approving the form of notice and payment to Plaintiffs, including payment of incentive payments to the named Plaintiffs as set forth in the Settlement Agreement; (3) certifying the collective action under 29 U.S.C. §216(b); (4) approving the award of Plaintiffs' litigation expenses and attorney fees and costs; and (5) dismissing the case with prejudice.

Respectfully submitted,

GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN P.C.

BY:  /s/ DAVID A. KOTZIAN, (P38308)
     /s/ DAVID F. GRECO (P53523)
     /s/ ANGELA MANNARINO (P72374)
     Attorneys for Plaintiff
     30500 Northwestern Highway, Suite 425
     Farmington Hills, MI 48334
     (248) 865-0001
     dkotzian@gmgmklaw.com
     dgreco@gmgmklaw.com
     amannarino@gmgmklaw.com

Dated: April 16, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of April, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to Bonnie G. Toskey and Sarah K. Osburn at the e-mail addresses disclosed to the ECF system.

/s/ *Brooke J. Savage*
Brooke J. Savage

20