UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DON CARR, *et al.*,<br>                       Plaintiffs,<br>v.<br><br>LIVINGSTON COUNTY BOARD<br>OF COMMISSIONERS &<br>LIVINGSTON COUNTY,<br>                       Defendants.<br>_____/ | Case No.: 18-11313<br><br>Stephanie Dawkins Davis<br>United States Magistrate Judge |

**OPINION AND ORDER APPROVING COLLECTIVE
<u>ACTION SETTLEMENT</u>**

The named plaintiffs, individually and on behalf of similarly situated individuals, and defendants jointly move for approval of their Settlement Agreement for this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (Dkt. 39). For the reasons that follow, the Court **GRANTS** the parties' motion.

Named plaintiff Don Carr, Mack Carr, Autumn Millerov, Thomas Johnson, and Tracey Camalet, individually and on behalf of similarly situated individuals, filed this action on April 27, 2018, seeking recovery of alleged overtime pay due, plus interest, attorney fees, and liquidated damages under FLSA.

On June 20, 2018, the Court entered a stipulated order conditionally certifying the following collective class:

> All Emergency Medical Technicians who worked for Defendants at any time between April 27, 2015 and present and who worked at any time in excess of forty (40) hours per workweek.

(Dkt. 14). The Court also appointed class counsel for the named and all opt-in plaintiffs.

Following the close of the opt-in period, the parties participated in mediation and reached a settlement. The parties jointly move for approval of this collective action settlement. This Settlement Agreement only addresses individuals who opted in to the FLSA collective action or are otherwise named plaintiffs.

Pursuant to the Settlement Agreement, defendants agree to establish a settlement fund of $150,000.00 (less incentive payments and attorneys' fees and costs awarded by the Court), which is to be distributed to each named and opt-in plaintiff in pro-ration to the overtime damages that plaintiffs' counsel calculated for each named and opt-in plaintiff. (Dkt. 39-3 – Settlement Agreement, at p. 3, 5). The parties have agreed to incentive payments in the amount of $2,000.00 to be distributed to each of the named plaintiffs: Don Carr, Mack Carr, Autumn Millerov, Thomas Johnson, and Tracey Camalet. Plaintiffs' petition for an award of attorneys' fees and costs in the amount of $50,000.00. The Settlement Agreement provides that defendants will not oppose plaintiffs' petition for such an award, which shall be no greater than one-third of the amount of the settlement fund. (*Id.* at p. 7).

## I. COLLECTIVE ACTION SETTLEMENT

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Lakosky v. Discount Tire Co., Inc.*, 2015 WL 4617186, at *1 (E.D. Mich. July 31, 2015) (citation omitted). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a *bona fide* legal dispute. *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982)) (FLSA settlement approval standard). Factors relevant to this determination include:

> (1) the risk of fraud or collusion;
>
> (2) the complexity, expense and likely duration of the litigation;
>
> (3) the amount of discovery engaged in by the parties;
>
> (4) the likelihood of success on the merits;
>
> (5) the opinions of class counsel and class representatives;
>
> (6) the reaction of absent class members; and
>
> (7) the public interest.

*UAW*, 497 F.3d at 631. "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the

demands of the case." *Gentrup v. Renovo Servs., LLC*, No. 07-cv-430, 2011 WL 2532922, at *8 (S.D. Ohio June 24, 2011). Additionally, the Court must separately assess the reasonableness of any proposed award of attorney's fees and costs, even when they are negotiated as part of the settlement. *Brittmon v. Upreach LLC*, 2018 WL 7889855, at *1 (S.D. Ohio Nov. 8, 2018).

As an initial matter, it is clear that this is a settlement of a *bona fide* dispute. Plaintiffs allege that defendants violated FLSA by failing to pay plaintiffs one and one-half their regular rate of pay for hours worked over 40 hours in a work week. Defendants deny all such claims, thus creating a *bona fide* dispute whether defendants violated FLSA.

A. <u>The Risk of Fraud or Collusion</u>

It is beyond dispute that the settlement was achieved without any fraud or collusion, and was conducted by an experienced, neutral mediator. *See, e.g., Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 351 (6th Cir. 2009) (citing *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983)) (finding no doubt that settlement was not the product of collusion, noting that no class member objected to the Settlement or otherwise "made the case that the agreement is a product of collusion."); *Hainey v. Parrot*, 617 F.Supp.2d 668, 673 (S.D. Ohio 2007) ("[T]he participation of an independent mediator in the settlement negotiations virtually assures that the negotiations were conducted at arm's length and without collusion

between the parties."). The parties represent that their counsel "vigorously pursued their clients' interests at the mediation," and during the full-day mediation, ultimately accepted a recommendation by the mediator to settle the matter. (Dkt. 39, at p. 7). The parties also represent that there was no fraud or collusion in the negotiation. The Court finds no reason to question these representations.

> B. The Complexity, Expense, and Likely Duration of Litigation

This factor weighs in favor of approval because, without settlement, the parties would continue to vigorously contest the issues and likely engage in additional discovery, motion practice, decertification/class certification motions, trial, and possible appeals. Avoiding such continued litigation and the attendant expense is an important consideration for the general policy in favor of settlement. *See Weinberger v. Kendrick,* 698 F.2d 61, 73 (2nd Cir. 1982) ("There are weighty justifications, such as the reduction of litigation and related expenses, for the general policy favoring the settlement of litigation."); *Barnes v. Winking Lizard, Inc.*, 2019 WL 1614822, at *2 (N.D. Ohio Mar. 26, 2019). The Court notes that there is no guarantee that plaintiffs would have prevailed. In contrast, the Settlement Agreement assures that plaintiffs will be compensated for the alleged violations at issue. "Given the uncertainty surrounding a possible trial in this matter, the certainty and finality that comes with settlement also weighs in favor of

5

a ruling approving the agreement." *Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933, at *6 (N.D. Ohio Mar. 8, 2010).

    C.    <u>The Amount of Discovery Engaged in by the Parties</u>

"In considering whether there has been sufficient discovery to permit the plaintiffs to make an informed evaluation of the merits of a possible settlement, the court should take account not only of court-refereed discovery but also informal discovery in which parties engaged both before and after litigation commenced." *Mitchell v. Indep. Home Care, Inc.*, 2019 WL 696941, at *4 (S.D. Ohio Feb. 20, 2019) (citations omitted). In this consideration, "the absence of formal discovery is not unusual or problematic, so long as the parties and the court have adequate information in order to evaluate the relative positions of the parties." *Id.*

According to the parties, they have engaged in a "significant amount of discovery." (Dkt. 39, at p. 9). In preparation for mediation, the parties exchanged documents including time records, pay records, emails, collective bargaining agreements, and other data, and have taken multiple depositions. They contend that the amount of discovery conducted was sufficient to clarify the strengths and weaknesses of their positions and to induce the parties to reach a fair and reasonable settlement. As it appears that both parties have been afforded an adequate opportunity to conduct sufficient discovery to be fully appraised of the

legal and factual issues, as well as the strengths and weaknesses of their positions, this factor weights in favor of approving the proposed settlement.

      D.      The Likelihood of Success on the Merits

The parties concede that plaintiffs' likelihood of success on the merits and the amount they would be awarded is uncertain. Nevertheless, the Court is mindful that the settlement provides relief to the plaintiffs and eliminates the risks that the parties would otherwise bear if this litigation were to continue on for an uncertain amount of time. As discussed above, absent settlement, the parties would have engaged in additional discovery (including written discovery and depositions), and motion practice (class decertification, FLSA collective decertification, dispositive motions on merits and damages issues). With this Settlement Agreement, the parties are eliminating the risk of litigation and trial and the participating collective action members are guaranteed recovery now, rather than possibly receiving a recovery later, or not receiving any recovery at all.

      E.      The Opinions of Class Counsel and Class Representatives

Plaintiffs' counsel and the named plaintiffs "are of the opinion that this proposed settlement is a fair and reasonable compromise." (Dkt. 39, at p. 10). The parties represent that plaintiffs' counsel thoroughly investigated and analyzed the claims alleged in this matter, and made informed judgments regarding the settlement and believe that it is fair, reasonable, and adequate. (*Id.* at p. 11). The

7

Court has no reason to question these representations and takes plaintiffs and plaintiffs' counsel at their word that they believe this settlement is fair, reasonable, and adequate.

### F. The Reaction of Absent Class Members

Plaintiffs' counsel sent the Notice of Settlement to the plaintiffs. The notice explained the terms of the Settlement Agreement and provided that any objections to the settlement must be sent in writing to plaintiffs' counsel and the Court at the addresses listed in the Notice of Settlement, no later than April 29, 2019. (Dkt. 39-4 – Notice of Settlement, at p. 3-4). On April 30, 2019, plaintiffs' counsel submitted a notice to the Court indicating that the deadline had passed, and no objections were received by counsel. (Dkt. 40). And, no objections have been sent to the Court. Counsel further stated that class members were also previously informed of the details of the settlement in a communication from plaintiffs' counsel on March 25, 2019, and no objections were received. (*Id.*). Thus, it appears that the opt-in plaintiffs do not object to the Settlement Agreement and agree to be bound by its terms.

### G. The Public Interest

"Courts have held that 'there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources.'" *Does 1-*

*2 v. Deja Vu Consulting, Inc.*, 925 F.3d 886, 899 (6th Cir. 2019) (quoting *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003)).  Further, the public interest is served by enforcing FLSA.  *White v. Premier Pallet and Recycling, Inc.*, 2018 WL 4913678, at *2 (N.D. Ohio Oct. 10, 2018).  Importantly, "[i]f the settlement reflects a reasonable compromise over issues actually disputed, such as FLSA coverage or computation of back wages, a court may approve a settlement to 'promote the policy of encouraging settlement of litigation.'" *Crawford v. Lexington-Fayette Urban Cty. Gov't*, 2008 WL 4724499, at *9 (E.D. Ky. Oct. 23, 2008) (quoting *Lynn's Food Stores, Inc.,* 679 F.2d at 1353).  Because, in light of the facts discussed above, this Settlement Agreement reflects a reasonable compromise of the issues disputed in this matter, the Court concludes that settlement in this case is in the public interest.  As all the factors point to the reasonableness of the Settlement Agreement, the Court finds that the Settlement Agreement is a fair and reasonable settlement and thereby approves the Settlement Agreement.

## II. THE NOTICE OF SETTLEMENT

According to the parties, the class members were informed of the settlement by confidential communication on March 25, 2019, and the members' proposed payouts.  On April 12, 2019, a formal Notice of Settlement, including a payout chart, was sent to all class members via regular and electronic mail.  (Dkt. 39, at p.

19). The Notice explains that, if the Court grants approval of the Settlement Agreement, the plaintiffs will have agreed to be bound by all its provisions, including a settlement and release of all claims for overtime compensation under FLSA arising out of their work as a Livingston County Emergency Medical Technician. (Skt. 39-4, at p. 3). Importantly, the class members were informed of their right to object to the settlement agreement and were instructed to send any objections in writing to plaintiffs' counsel and the Court on or before April. 29, 2019. No objections were forthcoming.

It appears that the Notice of Settlement is adequate to apprise the class members of the terms of the settlement agreement and included a chart of payouts attached to the Notice lists every named and opt-in plaintiff with the amount they will receive under the Settlement Agreement. (Dkt. 39-4; Dkt. 39-4, Pg ID 415-16). The Notice also clearly informed the plaintiffs of their rights under that agreement and the right to object to the settlement. The Court concludes that this Notice of Settlement is sufficient to give notice to all plaintiffs of the Settlement Agreement, its terms, each individual's expected payout and their rights. *See Gentrup v. Renovo Servs., LLC*, 2011 WL 2532922, at \*3 (S.D. Ohio June 24, 2011) (Approving settlement notice because it failure and adequately described the terms of the settlement including the release of claims).

### III.   ATTORNEYS' FEES AND COSTS

The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). An award of attorney's fees under § 216(b) is mandatory. *See United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.,* 732 F.2d 495, 501 (6th Cir. 1984) (citing *Montgomery Ward & Co. v. Antis,* 158 F.2d 948 (6th Cir. 1947)). District Courts are given the discretion to decide whether to use the percentage of the fund method or the lodestar method to assess the reasonableness of an award of attorneys' fees. *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). Some courts base the fee award on a percentage of the settlement fund and then cross-check the fee against class counsels' lodestar. *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996). Courts typically look to the following six factors to determine the reasonableness of a fee award:

> (1) the value of the benefit rendered to the plaintiff class;
>
> (2) the value of the services on an hourly basis;
>
> (3) whether the services were undertaken on a contingent fee basis;
>
> (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;
>
> (5) the complexity of the litigation; and

11

>    (6) the professional skill and standing of counsel
>    involved on both sides.

*Bowling*, 102 F.3d at 780.

    A.    <u>The Value of the Benefit and the Services, and Contingent Fee Basis</u>

Pursuant to the retainer agreement, plaintiffs' counsels' "attorney fee was to be the greater of (i) one-third of the total, gross amount (without reduction due to any taxes withheld by defendants) of any and all monies recovered after deducting any expenses and court costs, or (ii) whatever amount may be awarded or approved by the Court based on attorney hours and an approved hourly rate." (Dkt. 39-6-Retainer Agreement, at p. 1). Class counsel thus provided representation on a purely contingency fee basis, advancing all litigation costs and receiving no payment unless until there was a recovery, and should be compensated for that risk. *Lonardo v. Travelers Indemnity Co.*, 706 F.Supp.2d 766, 796 (N.D. Ohio 2010); *see also Crosby v. Bowarter Inc. Ret. Plan*, 262 F. Supp. 2d 804, 814 (W.D. Mich. 2003) ("contingency serves to justify the higher fee"). Class counsels' work resulted in a settlement of $150,000.00. This settlement provides early recovery for the plaintiffs and eliminates the risks involved in continuing litigation and potentially taking this case to trial, and losing. Per the terms of the Settlement Agreement, plaintiffs' counsel is seeking an award of one-third of the total settlement fund, $50,000.00. An award of one-third of the total settlement is often

found to be a reasonable award. *See, e.g., Farkas v. Boschert*, 2018 WL 3100905, at *2 (E.D. Mich. June 15, 2018); *Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933, at *8 (N.D. Ohio Mar. 8, 2010); *Paxton v. Bluegreen Vacations Unlimited*, 2019 WL 2067224, at *2 (E.D. Tenn. May 9, 2019). Further, this is a reasonable amount considering that the value of the services on an hourly basis, according to counsels' summary of hours billed and hourly rates. In total, the attorneys expended $63,639.75 in services rendered, plus costs of $3,655.24.[1] (Dkt. 39, at p. 14). If counsel were to be awarded according to the lodestar method, the award would be the sum of the fees and hourly rate plus costs, more than the $50,000.00 agreed-upon award. Given that an award of one-third of the total recovery for attorneys' fees and costs is generally accepted, and is lower than what the lodestar method would return, the award requested seems reasonable.

B. Society's Stake in Rewarding Attorneys

Society's stake in rewarding attorneys who bring class action wage and hour cases favors the requested award. *Gentrup v. Renovo Servs., LLC*, 2011 WL 2532922, at *4 (S.D. Ohio, June 24, 2011) ("[S]ociety has a stake in rewarding the

---

[1] This is the number the parties use in the joint motion. They site to Exhibit D of the motion, which contains plaintiffs' counsel Mr. Kotzian's affidavit and the itemized list of hours and fees. There is a page which lists advanced costs. The total is $2,854.15. The total costs listed in the brief, $3,655.24, does not appear in the itemized list or the list of costs. The origin of this number is unclear. However, the parties do not dispute that plaintiffs' counsel spent $3,655.24 in costs, and so the Court will consider that number as the total costs expended.

efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

C. The Complexity of the Litigation

Courts in this circuit have recognized that wage and hour collective actions are, by their very nature, complicated and time-consuming. *See* Barnes, 2019 WL 1614822, at *6 (citing *Swigart v. Fifth Third Bank*, 2014 WL 3447947, at *7 (S.D. Ohio July 11, 2014). Additionally, this case includes over 50 plaintiffs, a not insignificant number of plaintiffs on whose behalf counsel advocated.

D. The Professional Skill and Standing of Counsel

It appears that plaintiffs' counsel has substantial skill and standing in employment cases. As discussed in the affidavit of David Kotzian, all class counsel are highly qualified and highly experienced, and they all have experience with FLSA claims. Accordingly, this factor strongly supports approval of the requested fee award.

In sum, the Court finds an award of $50,000.00 in attorneys' fees and costs, which amounts to one-third of the total settlement fund, is a reasonable award.

IV. **INCENTIVE PAYMENTS**

The Settlement Agreement provides for incentive payments to the five named plaintiffs in the amount of $2,000.00 each, for a total of $10,000.00 out of the settlement fund. "Numerous courts have authorized incentive awards [as]

14

efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix v. Johnson,* 322 F.3d 895, 897 (6th Cir. 2003). The Courts finds no reason why these incentive payments should not be paid to the named plaintiffs, and finds these incentive payments to be reasonable.

## V. CONCLUSION

Having considered the parties' joint motion for approval of the Settlement Agreement, plaintiffs' petition for attorney fees and costs, and the supporting exhibits and affidavits, the Court

1. **GRANTS** the joint motion for approval of the settlement and **APPROVES** the settlement as set forth in the Settlement Agreement under FLSA,

2. **APPROVES** the Notice of Settlement,

3. **APPROVES** the parties' agreement as to attorneys' fees and costs, and finds the $50,000.00 attorneys' fees and costs award to be reasonable, and

4. **APPROVES** the incentive payments to be paid to each of the named plaintiffs in the amount of $2,000.00.

**IT IS FURTHER ORDERED THAT** execution of this Order effectuates a dismissal of plaintiffs' claims, including any and all claims set forth by any parties in the complaint, with prejudice.

**IT IS SO ORDERED**.

Date: June 28, 2019                    <u>s/Stephanie Dawkins Davis</u>
                                       Stephanie Dawkins Davis
                                       United States Magistrate Judge